It follows that the judgment appealed from should be affirmed.

MERRELL, FINCH and MARTIN, JJ., concur.

Judgment affirmed.

---

ELLEN SHAW BARLOW, Appellant, *v.* CHARLES L. CRAIG, as Comptroller of the City of New York, and Others, Impleaded with THOMAS E. O'BRIEN,. Respondents.

First Department, May 2, 1924.

Civil service — city of New York — position of superintendent of buildings in police department created by Greater New York charter, § 276-e (as added by Laws of 1923, chap. 624), not in competitive class of classified civil service — designation by police commissioner of lieutenant in police department as superintendent of buildings without examination not illegal.

The position of superintendent of buildings in the police department of the city of New York, created by section 276-e of the Greater New York charter (as added by Laws of 1923, chap. 624), which provides in effect that the superintendent of buildings shall be selected by the police commissioner from among the members of the uniformed force, is not in the competitive class of the

classified civil service of the city of New York and, therefore, the appointment of the superintendent of buildings is not required to be made from an eligible list but the selection of a superintendent is a mere detail or assignment to special police duty and not an appointment to a separate and distinct position in the department.

MARTIN, J., dissents.

APPEAL by the plaintiff, Ellen Shaw Barlow, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of February, 1924, denying her motion for an injunction *pendente lite* in a taxpayer's action. (See 122 Misc. Rep. 518; Gen. Mun. Law, § 51.)

*H. Eliot Kaplan* [*A. Leo Everett* of counsel], for the appellant.

*George P. Nicholson,* Corporation Counsel [*Elliot S. Benedict* of counsel; *John F. O'Brien* and *Arthur Sweeny* with him on the brief], for the respondents.

McAVOY, J.:

The plaintiff appeals from an order which denied her motion for an injunction pending the action. The plaintiff is a taxpayer and seeks to enjoin the city officials having cognizance thereof from certifying on the payrolls of the police department the name of one Thomas E. O'Brien as superintendent of buildings in the police department of the city of New York, and from paying him the salary fixed for such office at the rate of $5,000 per annum; and the motion seeks further to enjoin O'Brien from receiving the compensation and from performing the duties of superintendent of buildings, and to restrain the police commissioner from directing O'Brien to perform the duties.

It is claimed that the police commissioner purported to appoint O'Brien as superintendent of buildings in the city of New York on June 21, 1923. O'Brien was at that time a lieutenant of police at a salary of $3,300 a year.

The plaintiff alleges that the position of superintendent of buildings was at that time and now is in the competitive class of the classified civil service of New York city, and defendant O'Brien has not passed any civil service examination for the place and is not on any eligible list for such position or any similar position in the civil service of the city. The complaint further states that the payrolls prepared for the police commissioner and certified by the municipal civil service commission and approved by the comptroller, contained the name of O'Brien as such superintendent of buildings and fixed his salary at the rate of $5,000 per annum, and that the warrants for the payment of said salary have been drawn and paid.

The provision under which O'Brien was appointed to the position was enacted by the Legislature by chapter 624 of the Laws of 1923, which amended the Greater New York charter (Laws of 1901, chap. 466) by adding a new section, which reads:

" § 276-e. There is hereby created in the police department an officer to be known as superintendent of buildings, to be selected from among the members of the uniformed force by the police commissioner, who shall be subject to the rules and regulations governing other members of the force as regards promotion and otherwise, and who shall be entitled to all benefits and privileges heretofore extended to each member of the force with regard to a pension, and shall not be removed or dismissed except in the manner prescribed for other members of the force, and whose time served in such force as far as it relates to a pension shall count and continue as superintendent of buildings. Such superintendent, under the direction of the commissioner, shall have supervision over the construction of new buildings and the alteration, repair and improvement of all department buildings, including the preparation of plans and specifications therefor, and supervision over the mechanical force of the police department. The salary of superintendent of buildings shall not be less than five thousand dollars per annum. Previous experience in construction, repair and maintenance of buildings in the police department shall be taken into consideration by the police commissioner in the selection of said superintendent of buildings."

Section 2 of chapter 624 of the Laws of 1923 provides as follows:

" § 2. The comptroller of the city of New York shall issue revenue bonds in an amount sufficient to pay the salary of such superintendent of buildings until provision shall be made therefor in the budget."

Under the authority of this statute the police commissioner selected the defendant O'Brien as superintendent of buildings of the police department and fixed his salary at the minimum provided in the statute. The proof shows that the defendant O'Brien has been for many years in the police department assigned to a bureau or division therein known as the bureau of repairs and supplies, and that he is thoroughly familiar with the work connected therewith, and that he was selected to fill the new position because of the knowledge and ability possessed by him and because of his previous experience in construction, repair and maintenance of buildings in the police department.

O'Brien has been a member of the uniformed police force since 1890 and has held the offices of sergeant and lieutenant; and while a lieutenant on June 21, 1923, he was selected by the police com-

missioner for the position of superintendent of buildings. Since 1895 O'Brien has been designated as inspector of repairs and supplies in charge of that bureau in the police department, and has served therein, except for a brief period, ever since. His duties consist in the control of a large number of employees engaged in the making of general repairs in various buildings of the department. He has been registered as an architect in the State of New York since December, 1922.

From the wording of the statute and the history of the duties of the head of the bureau of repairs and supplies, it is obvious that the selection of Lieutenant O'Brien as superintendent of buildings in the police department under chapter 624 of the Laws of 1923, was a mere detail or assignment to a special police duty, and not an appointment to a separate and distinct position in the department, and this detail or assignment, therefore, could not have been classified in the competitive civil service of the city of New York.

The law provides in the aforementioned chapter that an officer for a new position must be selected from amongst the members of the uniformed force, regardless of rank. The appointment carries with it a salary of not less than $5,000 per annum. The person appointed is to be subject to the rules and regulations governing other members of the force as regards promotion. He shall be entitled to all benefits and privileges extended to each member of the force with regard to a pension, and shall not be removed or dismissed from his police force grading except in the manner prescribed for other members of the force. The use of this language indicates that the performance of the position of superintendent of buildings was not to affect in any way the person selected from the uniformed force in the protection which he has as a member of the police force; and that he is to participate with other members of the uniformed force in the rights to take examinations for promotion in the different grades of the department, as well as to participate in the pension fund and to be protected from removal, except in the manner through which a member of the force might be removed, that is, after a trial, and with a right to review in case of dismissal.

The Legislature amended section 276 of the Greater New York charter by chapter 777 of the Laws of 1923, in which it enumerated the positions of persons composing the police force of the city of New York. In this enumeration there is no such office or position as that of superintendent of buildings; and if it had been the intention of the Legislature to create a distinct position of superintendent of buildings in the police department of the city of New York, such intention would have been made manifest by including it in the enumeration of those positions comprised within the force, con-

tained in the amendment to section 276 of the charter, which took effect shortly after the amendment which added the provision respecting a superintendent of buildings. Nor would these privileges and protections have been granted by the enactment of section 276-e, if it had been the legislative intent to create a distinct civilian position apart from the uniformed force. A civilian would not in the usual course of things be entitled to any of the enumerated benefits and privileges which only accrue after certain prescribed services in active duty on the police force. It seems clear that the designation of the respondent O'Brien to be superintendent of buildings is merely a special assignment or detail of a member of the force for the particular work involved in the supervision over the construction of new buildings, and the alteration and repair and improvement of all department buildings. He has performed this service heretofore while he has been a member of the force under another title. The special duties to which he has been assigned may be revoked and assigned to another in the discretion of the commissioner. There has never been any claim during the period of O'Brien's service since 1895 that the commissioner did not have the right to designate him to act in the capacity of inspector of repairs and supplies as a detail of the administrative duties of the department. The legislative act merely gives this detail or assignment a new title and increases the compensation. This was within the legislative power.

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING and SMITH, JJ., concur; MARTIN, J., dissents.

Order affirmed, with ten dollars costs and disbursements.